# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2016

Lyle W. Cayce
Clerk

No. 13-20360

MCGINNES INDUSTRIAL MAINTENANCE CORPORATION,

Plaintiff–Appellant,

v.

THE PHOENIX INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-4000

Before BARKSDALE, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In a prior opinion, we certified to the Supreme Court of Texas the sole issue on appeal in this diversity action: whether Environmental Protection Agency (EPA) enforcement actions taken pursuant to CERCLA[1] constitute a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-75.

No. 13-20360

"suit" within the meaning of commercial general liability policies, thereby triggering a duty to defend.[2]

The Supreme Court of Texas answered the certified question, concluding that the term "suit" in the policies "must also include CERCLA enforcement proceedings by the EPA"; the court subsequently denied rehearing.[3] Because the district court granted summary judgment for the defendants on the ground that they had no duty to defend,[4] we REVERSE the district court's grant of summary judgment and REMAND for further proceedings.

---

[2] *McGinnes Indus. Maint. Corp. v. Phoenix Ins. Co.*, 571 F. App'x 329, 333, 335 (5th Cir. 2014) (per curiam).

[3] *McGinnes Indus. Maint. Corp. v. Phoenix Ins. Co.*, No. 14-0465, 2015 WL 4080146, at *3 (Tex. June 26, 2015), *reh'g denied* (Jan. 22, 2016).

[4] *McGinnes Indus. Maint. Corp. v. Phoenix Ins. Co.*, No. 4:11-CV-4000, 2013 U.S. Dist. LEXIS 186670, at *4 (S.D. Tex. Apr. 18, 2013).